UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAR M. SHUNICK, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>GALESBURG POLICE )<br>DEPARTMENT, et. al., )<br>   Defendants )  | No. 19-4244 |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff claims the Galesburg Police Department, Officer Patrick Kysler, Lieutenant Darren Worsfield, "the City of Knox County," and Judge Scott Shipplett have violated his constitutional rights. (Comp., p. 3).

Plaintiff says on an unspecified day, Police Officer Patrick Kysler pulled Plaintiff over for a traffic stop and gave him a ticket for driving on a suspended license. Plaintiff says the officer should have given him the ticket and let him go, but instead the officer took Plaintiff to the County Jail.

Once at the jail, Officer Kysler and his supervisor, Officer Worsfield, then tried to obtain a search warrant. However, Plaintiff says since he was not under arrest, there was no basis for a warrant. Plaintiff says his attorney informed the officers they could not search Plaintiff, but it is unclear when and how Plaintiff's attorney was involved in this discussion. Nonetheless, Plaintiff claims the exchange angered the officers.

Therefore, Defendant Worsfield instructed Defendant Kysler to arrest Plaintiff on the "fake charge" of felony obstruction of justice. (Comp., p. 5). Plaintiff further claims the officers wanted to perform a strip search to find marijuana, but it is unclear if the officers found anything during the search or if Plaintiff faced any additional charges.

Plaintiff next claims Judge Shipplett apparently learned during the preliminary hearing of all the "illegal things" the officers did, but the Judge still revoked Plaintiff's bond based on the criminal charges. (Comp., p. 5). Plaintiff then discusses the difficulties he has faced during his three months in jail. Plaintiff is suing based on the "illegal strip searches/arrest." (Comp., p. 7).

There are several problems with Plaintiff's claims. First, Plaintiff has not provided the date of the alleged offense. Second, Plaintiff cannot proceed with his claims against some of the named Defendants. For instance, Plaintiff has failed to articulate a claim against Defendant Judge Shipplett because judges "enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *See Dennis v Sparks*, 449 U.S. 24 (1980);. *See Stump v Sparkman*, 435 U.S. 349, 359 (1978). In addition, Plaintiff has not articulated an official capacity claim which would allow him

to sue a either the Galesburg Police Department or the relevant city. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

Third, if Plaintiff was ticketed for driving on a suspended license, then the police officer could not simply allow Plaintiff to leave and continue driving. In addition, depending on the seriousness of the violation, driving on a suspended license can be a felony offense which would require his arrest. *See* 625 ILCS 5/6-303.

Fourth, it appears Plaintiff is still in custody. If his criminal case is still pending, this Court must abstain from taking jurisdiction over any federal constitutional claims which could interfere with those proceedings. *See Younger v. Harris,* 401 U.S. 37 (1971). Plaintiff's allegations of false charges and an illegal search raise constitutional issues which may be litigated during his state court criminal case. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir.1995). Plaintiff should discuss his claims with the attorney who is representing him in his state court criminal case.

Furthermore, since Plaintiff is requesting monetary relief in this case, this Court would be required to stay the proceedings until his state court case is complete. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

However, Plaintiff must first clearly articulate his claims, before any further action is taken in this case. Rather than ask Plaintiff to file an amended complaint, the Court will ask Plaintiff to provide a response to the following questions.

1) What day was Plaintiff arrested?

2) What criminal charges were brought against the Plaintiff? Plaintiff should list any charge filed after his arrest and indicate the date he is accused of committing each crime alleged.

3) Are Plaintiff's charges still pending? If not, what was the outcome? In other words, was Plaintiff found guilty of any offense or did Plaintiff plead guilty to any offense? Were any charges dismissed or was Plaintiff found not guilty of any charge? If Plaintiff's charges are still pending, is there a date set for trial?

Plaintiff must number his answers to the questions and provide a brief, clear response to each question. Plaintiff must provide his written response within 21 days of this order. If Plaintiff fails to file a written response, his case may be dismissed for failure to follow a Court order and failure to prosecute his litigation with due diligence.

IT IS THEREFORE ORDERED:

1) The Court has reviewed Plaintiff's allegations pursuant to 28 U.S.C. §1983. Plaintiff is alleging Defendants Kysler and Worsfield violated his constitutional rights based on a false arrest and illegal search. However, before the Court can consider whether this case should be stayed pending resolution of the state court criminal case, Plaintiff must provide specific answers to the questions posed in this order to clarify his intended claims.

2) Plaintiff must provide his written response within 21 days or on or before February 19, 2020. If Plaintiff does not file a written response on or before

February 19, 2020, or if Plaintiff ignores the Court's directions, his case will be dismissed.

2) Plaintiff must also immediately notify the Court in writing of any change in his mailing address or telephone number. Failure to provide this information will also result in the dismissal of this lawsuit.

**3) The Clerk of the Court is directed to dismiss Defendants Galesburg Police Department, City of Knox County, and Judge Scott Shipplett for failure to state a claim upon which relief can be granted. The Clerk is also to reset the internal merit review deadline within 21 days of this order.**

Entered this 28th day of January, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE